**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Linda Allen Towler,

Plaintiff

v.

MD Bristol Holdings, LLC

Defendant

Case No. 2:26-cv-00508-JAD-BNW

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

**[ECF No. 13]**

**On 5/11/26, the magistrate judge entered this report and recommendation [ECF No. 13]:**

On April 7, 2026, this Court entered an order granting Plaintiff's counsel's motion to withdraw because Plaintiff ceased communication with counsel and counsel could not locate her. ECF No. 11. It ordered Plaintiff to show cause as to why her case should not be dismissed for failure to prosecute by April 28, 2026. *Id.* Plaintiff's counsel served Plaintiff a copy of that minute order via her last known email address, and the Clerk's Office sent Plaintiff a copy of the minute order at her last known mailing address. *Id.*; ECF No. 12. To date, Plaintiff has not shown cause or otherwise appeared in her case. As a result, this Court recommends that this case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab.*

*Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff has failed to appear or otherwise participate in litigating this action, despite a court order to do so, the only alternative is to enter another order directing Plaintiff to participate in her case. The circumstances here do not indicate that Plaintiff needs additional time nor is there evidence that she did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED that THIS ACTION BE DISMISSED** for failure to prosecute and show cause by the court-ordered deadline**.**

### Order Adopting Report and Recommendation

The deadline for any party to object to this recommendation was 5/25/2026, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 13] is ADOPTED in its entirety, and THIS CASE IS DISMISSED** for the reasons stated in the report and recommendation. The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 27, 2026